## STATE *v.* STERRY JOHNSON.

An indictment under the eighth section of the act for the more effectual suppression of drinking houses and tippling shops, charged that the defendant " did presume to be, and was a common seller of ale, wine, rum and other strong and malt liquors, without being duly appointed by the town Council of Coventry an agent of said town of Coventry for the sale of ale, wine, rum and other strong and malt liquors, to be used for medicinal and mechanical purposes only: *Held,* on motion in arrest of judgment, that it was sufficiently alleged that the dft. was not appointed agent according to the provisions of the act. *Also held,* That said eighth section defines an offence, viz: the carrying on of a trade or business in violation of the law, totally distinct from the offences of selling, and suffering to be sold certain liquors, provided for in the fourth section of said act, and that said offence was here charged with all needed precision.

The position that under said act (sections fourth and eighth) a defendant may be twice tried for the same offence, discussed and overruled.

THIS defendant, after conviction and before judgment, upon an indictment as a common seller of liquor under the eighth section of the act for the more effectual suppression of drinking houses and tippling shops, moved in arrest of judgment. The grounds of the motion are set forth in the Court's opinion.

*W. H. Potter,* for defendant.

*Robinson, Attorney General,* for the State.

BOSWORTH, J. In this case the Defendant moves in arrest of judgment —, " Because the indictment does not

charge the defendant with the commission of any offence indictable under the statute, with that degree of precision and certainty required by law in indictments for criminal offences, and because the indictment does not charge any offence known to the law; and because also, it is not alleged in said indictment that the said defendant is not appointed by the town council of the town of Coventry, an agent for the sale of ale, wine, rum or other strong or malt liquor, for medicinal and mechanical purposes only."

The indictment charges that the defendant " did presume to be and was a common seller of ale, wine, rum and other strong and malt liquors, without being duly appointed by the Town Council of Coventry, an agent of said town' of Coventry, for the sale of ale, wine, rum and other strong and malt liquors, to be used for medicinal and mechanical purposes only."

The allegation in the indictment " that the Defendant did presume to be and was, &c., *without* being duly appointed by the Town Council, &c., is sufficiently definite, and for aught that we see, is a sufficient allegation that the defendant is not appointed agent according to the provisions of the act.

The eighth section of the act for the more effectual suppression of drinking houses and tippling shops, passed January, A. D. 1855, provides that, " No person shall be allowed to manufacture any ale, wine, rum or other strong or malt liquors, *or to be a common seller thereof*, without being duly appointed, &c.," and then, prescribing the penalty and the mode of recovering it, enacts, " That three several sales of ale, wine, rum or other strong or malt liquors, or mixed liquors as aforesaid, either to different persons, or to the same person, shall be sufficient

to constitute one a common seller, within the meaning of this act."

By this section an offence is defined, totally distinct from the offence provided against in the 4th section of the same act. In that section the provision is against the selling, or suffering to be sold, the prohibited article, and the provision is against the commission of a distinct act. In section eighth the law prohibits not merely the commission of a distinct act, but the carrying on of a business, or the criminally conducting of an unlawful traffic, which it deems hostile to the interest and morals of society. The single act of selling, or suffering to be sold, which is prohibited and made criminal, may be committed by one who is not a common seller. The being a common seller, implies the assuming of a character in the business, and the carrying on of a trade in violation of the law ; and it is against the setting up and continuing of this unlawful business that the eighth section of the law is directed. The being a common seller is the offence which is forbidden by the statute ; and this offence is distinctly charged in the indictment. It is therefore an offence known to the law, and we think it is charged with sufficient precision.

It was argued at the bar, that under this indictment, or under the law on which it is founded, a man might be twice tried for the same offence. By the fourth section of the act, it is true a man may be punished for the distinct act of selling, or suffering to be sold, and he may be so convicted for every such act of which he is proved to be guilty : and according to the eighth section, the proof of any three such sales may convict him of being a common seller. Yet the offences are by no means the same. Under the fourth section the law punishes a

distinct act. Under the 8th section it punishes the setting up and carrying on a business; and the carrying on of this business may, and in all cases probably does, involve the commission of many distinct offences under the fourth section of the act, which can never be proved or punished.

The keeping of disorderly inns, or ale-houses, bawdy houses, gaming-houses, or play-houses, have long been indictable offences under the English law. So the setting up or continuing a noxious trade, which is a public nuisance, has long been an indictable offence. These offences may all be indictable and punishable, and yet the numerous offences which may be committed, and which go to make up the disorderly character or criminal nature of these offences, may be proceeded against and punished separately. Separate acts of disorder in a disorderly house may be punishable; and this furnishes no argument against the propriety or legality of punishing the keeping of a disorderly house. Three several sales of liquor, according to the statute, are made sufficient evidence to constitute one a common seller; but it is not of the three sales, or either one of them, that he is convicted, but of being a *common* seller.